984 P.2d 688

In the Matter of the DISCIPLINARY
BOARD OF the HAWAI'I SUPREME
COURT and the Office Of Disciplinary
Counsel [1]

No. 22093.

Supreme Court of Hawai'i.

Sept. 24, 1999.

---

**1.** In consideration of the confidentiality provisions of Rule 2.22 of the Rules of the Supreme Court of the State of Hawai'i, we have not named the Respondent Attorney or the Complaining Witness. Pursuant to the same rule the record of this proceeding is confidential.

Alan Van Etten, Pamela O'Leary Tower, on the briefs, Honolulu, for petitioner.

Attorney Doe, Pro Se, on the briefs, respondent.

Alvin T. Ito, Special Assistant Disciplinary Counsel, on the briefs, for respondents Disciplinary Board and Office of Disciplinary Counsel.

MOON, C.J., KLEIN, NAKAYAMA, and RAMIL, JJ. and Intermediate Court of Appeals Chief Judge BURNS, in place of LEVINSON, J., Recused.

## ORIGINAL PROCEEDING

PER CURIAM.

A complaining witness seeks review of actions taken by the Disciplinary Board of the Hawai'i Supreme Court (Disciplinary Board) and the Office of Disciplinary Counsel (ODC). For the reasons stated below, we consider the request for review as a petition for writ of mandamus and deny the petition.

## I. RELEVANT FACTS

A. *Background Litigation Between the Complaining Witness and the Attorney*

This saga began when the Complaining Witness and Respondent Attorney terminated a long-term personal and professional relationship in which the Complaining Witness had worked as an investigator for the Attorney and, on occasion, had been represented by the Attorney. The Complaining Witness threatened to sue the Attorney and his firm.[2]

---

**2.** As noted herein, there was litigation. The exact nature and extent of the litigation is not entirely clear from the disciplinary record. In a May 19, 1995, letter to ODC, the Complaining Witness characterized his claims as sounding in professional negligence, fraud, and breach of contract. A memorandum in support of the Complaining Witness's circuit court "motion for review of arbitrator's rulings and request for stay of proceedings" characterized the litigation as a

In the fall of 1996, the Complaining Witness and the Attorney agreed to submit various claims against one another to arbitration.[3] The Complaining Witness and the Attorney agreed to an arbitrator and the arbitration commenced.

The Attorney submitted a lengthy witness list in the arbitration. The Attorney's witness list included Disciplinary Counsel and two ODC investigators. The Complaining Witness objected to the inclusion of disciplinary personnel, citing Rules 2.8[4] and 2.22[5] of the Rules of the Supreme Court of Hawai'i (RSCH). The Complaining Witness and the Attorney submitted Statements of Claims to the Arbitrator.[6] The Attorney asserted vari-

breach of contract action and alleged the Attorney failed and refused to pay amounts due and owing to the Complaining Witness.

3. The disciplinary record does not indicate whether suit was filed before the claims were submitted to arbitration. The record indicates, however, that some aspects of the arbitration were litigated in a circuit court special proceeding.

4. [Rule] 2.8 Immunity. Complaints submitted to the Board or Counsel or testimony given with respect thereto shall be absolutely privileged and no lawsuit predicated thereon may be instituted. Members of the Board, members of the hearing committees, hearing officers, Counsel, staff, volunteers, experts appointed pursuant to Rule 2.19, and trustees and assistants appointed pursuant to Rules 2.20 and 2.5 shall be immune from suit and liability for any conduct in the course of their official duties.

5. [Rule] 2.22 Confidentiality.

(a) **General Rule.** The files, records, and proceedings of the Board, the hearing committees or officers, and Counsel, as they may relate to or arise out of any complaint or charge of unprofessional conduct against or investigation of an attorney, shall be deemed confidential and shall not be disclosed except under the following circumstances:

(1) As between Counsel, the committees or officers, the Board, and the court in the furtherance of their duties;

(2) As between the Board, Counsel, and an attorney admission or disciplinary authority, or judicial selection or disciplinary authority, of any jurisdiction in which the attorney affected is admitted to practice or seeks to practice;

(3) Upon the request of the attorney affected;

(4) Where permitted by this court;

(5) Where required or permitted by these rules;

(6) Where the investigation is predicated upon a conviction of the respondent for a crime;

(7) Where this court enters an order transferring the respondent to inactive status pursuant to Rule 2.19; or

(8) Where a hearing committee or officer files, pursuant to Rule 2.7(c), a report with the Board recommending the imposition of public discipline by the Board or this court.

(b) The Chairperson of the Board, upon the receipt of trustworthy evidence, may authorize Counsel to disclose an attorney's possible sub-

stance abuse, physical or mental illness, or other infirmity to the Director of the Attorneys and Judges Assistance Program.

(c) An affidavit consenting to disbarment submitted pursuant to Rule 2.14 shall be submitted to the hearing committee or officer, to the Board and to this court at any time that the disbarred attorney applies for reinstatement. Such affidavit shall also be supplied to an attorney admission or disciplinary authority or judicial selection authority of any jurisdiction in which the attorney affected is admitted to practice or seeks to practice.

(d) In any case in which the subject matter becomes public through independent sources or through a waiver of confidentiality by the respondent, the Board may issue statements as it deems appropriate in order to confirm the pendency of the investigation, to clarify the procedural aspects of the disciplinary proceedings, to explain the right of the respondent to a fair hearing without prejudgment, and to state that the respondent denies the allegations. The statement shall be first submitted to the respondent involved for his or her comments and criticisms prior to its release, but the Board in its discretion may release the statement as originally prepared.

(e) Except as ordered by this court, or as otherwise provided by these rules, the files, records and proceedings filed with this court by the Board, by Counsel or by a respondent, as well as any oral argument held before the court in connection with any disciplinary proceedings, are not confidential. However, where the hearing committee or officer has recommended, and the Board has concluded, that the sole discipline should be a private reprimand, and the respondent or Counsel has declined to consent to such discipline, the proceedings shall remain confidential pending review by the supreme court, unless and until the court imposes public discipline or the Board imposes public discipline pursuant to a remand by the court.

(f) In addition, the Board shall transmit notice of all public discipline imposed by this court, or transfer to inactive status due to disability, to the National Discipline Data Bank maintained by the American Bar Association.

6. Although the Complaining Witness asserts the Attorney sued the Complaining Witness, the arbitrator identified the Complaining Witness as the Claimant and the Attorney as the Respondent. The Attorney did, however, submit a statement of claims against the Complaining Witness.

ous claims against the Complaining Witness under headings that included misrepresentation, defamation, false light, invasion of privacy, intentional or negligent interference with economic relationships, abuse of process, malicious prosecution, intentional or negligent infliction of emotional distress, and fraud. The Attorney's claims were framed in sixty paragraphs alleging, in sum, that the Complaining Witness had made various false or misleading statements to others about the Attorney and the Attorney was damaged thereby. Among the sixty paragraphs were three paragraphs asserting that the Complaining Witness had transmitted false statements to ODC. The Complaining Witness objected to claims based upon evidence of his complaints to ODC. The Complaining Witness argued, in part, that RSCH 2.8 precluded any claim based upon the Complaining Witness's statements to ODC. The Attorney argued, in part, that he was not precluded from asserting such claims because the Complaining Witness had disavowed that he was making a complaint to ODC, indicating instead that he was merely reporting his concerns about the Attorney's fitness to practice.

The Arbitrator ruled that the Complaining Witness's statements to ODC were privileged. The Arbitrator granted the Complaining Witness's motion to strike claims based upon the Complaining Witness's statements to ODC, but concluded evidence concerning the statements was admissible as evidence of the Complaining Witness's state of mind and to corroborate other allegations by the Attorney against the Complaining Witness.

**7. [HRPC] Rule 3.1 MERITORIOUS CLAIMS AND CONTENTIONS**

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

**8. [HRPC] Rule 8.4 MISCONDUCT**

It is professional misconduct for a lawyer to:

The arbitration proceeded and was settled in December, 1996. The information available in the record before us indicates the confidential settlement resulted in the mutual releases of all claims and the payment of money by the Complaining Witness and his insurer to the Attorney.

### B. Complaining Witness's Complaint to ODC

The Complaining Witness communicated with ODC during the underlying litigation. The Complaining Witness's initial communications made statements about the Attorney's character and behavior and expressed concern about the Attorney's fitness to practice law, but indicated the Complaining Witness did "not choose to make a third party complaint [sic] against the attorney[,]" for a number of reasons. However, in July, 1995, the Complaining Witness submitted a letter complaining about the Attorney's conduct in two prior cases in which the Attorney had represented the Complaining Witness. The Complaining Witness also asserted the Attorney refused to provide timely notice to the Attorney's insurance broker about the Complaining Witness's claims that arose from the break up of the professional relationship (the July 1995 grievance).

In 1996, a few days after the Arbitrator in the underlying litigation struck the Attorney's claims that were based upon the Complaining Witnesses's statements to ODC, the Complaining Witness submitted another written grievance to ODC. The Complaining Witness opined the Attorney violated Rules 3.1 [7] and 8.4 [8] of the Hawai'i Rules of Professional Conduct (HRPC) when, in the un-

(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

(d) fail to cooperate during the course of an ethics investigation or disciplinary proceedings;

(e) state or imply an ability to influence improperly a government agency or official; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

derlying litigation, the Attorney argued that evidence of the Complaining Witness's communications with ODC was admissible and could be a basis for the Attorney's claims against the Complaining Witness (the November 1996 grievance).

■ In January, 1997, after the December, 1996, settlement of the arbitrated claims, the Complaining Witness tried to withdraw all of the complaints he had made to ODC. ODC informed the Complaining Witness that the complaint process could "not be abated based upon unwillingness of a complainant to prosecute a charge [sic [9]] nor settlement nor compromise between the complainant and the attorney." [10] In August, 1997, and over the following months the Complaining Witness asked ODC to order restitution from the Attorney for funds the Complaining Witness claimed to have spent to defend and settle the arbitration.

In August, 1998, ODC informed the Complaining Witness that his July, 1995, grievance had resulted in findings of minor ethical violations and that a Private Informal Admonition had been imposed upon the Attorney. In September, 1998, ODC informed the Complaining Witness that the reviewing board member found no clear and convincing evidence to support the Complaining Witness's November, 1996, grievance and that the grievance was dismissed.

### C. *Complaining Witness Seeks Supreme Court Review*

In December, 1998, by letter to Associate Justice Steven Levinson, recused, the Complaining Witness's attorney wrote "to the Hawaii Supreme Court, as the overseer of the ODC." [11] The letter was not, he said "a writ of mandamus, but [was] in the nature of such a writ." The Complaining Witness complained about ODC's handling of his disciplinary grievance. In particular, the Complaining Witness was disturbed that ODC "allowed" the Attorney to sue the Complaining Witness "for complaining about [the Attorney] to ODC." The Complaining Witness noted, *inter alia,* his dissatisfaction about ODC notifying the Attorney about the Complaining Witness's grievance, ODC's responses or lack of responses to the Complaining Witness's many inquiries seeking information about the Attorney's responses to the Complaining Witness's complaints, the results of ODC's investigation (particularly the dismissal of the November, 1996, grievance), and ODC's refusal to award sanctions and restitution to the Complaining Witness. The Complaining Witness asserted he was "entitled to an order of restitution for his substantial attorneys' fees incurred as a result of [the Attorney's] actions" and asked that "ODC be ordered to reopen this matter, and/or that the court order appropriate sanctions, including restitution, and set aside the" Assistant Disciplinary Counsel's finding "there was no clear and convincing evidence to support" the Complaining Witness's November, 1996, grievance.

In order to review these matters, we ordered that the Complaining Witness's letter be filed as a Petition for Writ of Mandamus. We required the Disciplinary Board and ODC to file the record of the Complaining Witness's grievance and we ordered the Complaining Witness, as Petitioner, and the

---

9. ODC, not the Complaining Witness, prosecutes disciplinary proceedings. *See,* RSCH 2.6 and 2.7.

10. When a grievance asserts facts that indicate more than minor misconduct, Disciplinary Counsel, together with a Disciplinary Board member, decides whether to institute and pursue formal disciplinary complaints. *See,* RSCH 2.6(b)(3), 2.7(a) and (b). A complainant's unwillingness to proceed does not abate the disciplinary proceeding. *See* RSCH 2.9. To make explicit what is implicit in our rules, we recently adopted Rule 8.3(d) of the Hawai'i Rules of Professional Conduct. It provides:

(d) A lawyer shall not:

(1) negotiate, attempt to settle, or settle any legal matter by threatening to file or refrain from filing a disciplinary complaint against any lawyer.
(2) offer, agree to, or attempt, negotiate, enter into, or acquiesce in the formation of any agreement limiting the ability of the lawyer or any other person to:
(i) file a disciplinary complaint against any lawyer; or
(ii) cooperate with a disciplinary proceeding or investigation.

11. The Complaining Witness's attorney understood, correctly, that Justice Levinson is this court's liaison to the Disciplinary Board.

Disciplinary Board, ODC, and the Attorney, as Respondents, to brief the issues.

Additional facts necessary to this decision are included below.

## II. REVIEW BY WRIT OF MANDAMUS

A writ of mandamus and/or prohibition will not issue unless a petitioner demonstrates a clear and indisputable right to relief and a lack of other means to redress adequately the alleged wrong or obtain the requested action. *Straub Clinic & Hospital v. Kochi,* 81 Hawai'i 410, 414, 917 P.2d 1284, 1288 (1996). Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available. *Azurin v. Von Raab,* 803 F.2d 993 (9th Cir.1986), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3264, 97 L.Ed.2d 763 (1987).

*Barnett v. Broderick,* 84 Hawai'i 109, 111, 929 P.2d 1359, 1361 (1996).

■ The Office of Disciplinary Counsel and the Disciplinary Board are creatures of this court, created pursuant to the court's inherent and constitutional authority to regulate the practice of law. *See* Rule 2, Rules of the Supreme Court of the State of Hawai'i (Rule 2); *In re Trask,* 46 Haw. 404, 415, 380 P.2d 751, 758 (1963) ("The power to regulate the admission and disbarment or disciplining of attorneys is judicial in nature and is inherent in the courts"), and Article VI, § 7 Hawai'i Constitution ("The supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law"). Under Rule 2, complaining witnesses are not parties to disciplinary

cases and they have no standing under Rule 2 to seek review of ODC or Disciplinary Board decisions.[12] *See* RSCH 2.7(d); *Cf. Akinaka v. Disciplinary Board,* 91 Hawai'i 51, 979 P.2d 1077 (1999)(disciplinary complainant lacks standing to sue the Disciplinary Board and Disciplinary Counsel). Thus, if any review is to be had, review must be had by way of this petition for writ of mandamus.

## III. DISCUSSION

The Complaining Witness argues, in sum: (1) ODC erred when it dismissed his November, 1996, grievance; (2) he and the public will suffer irreparable harm if attorneys can file lawsuits based upon disciplinary grievances,[13] and (3) he is entitled to attorneys' fees and costs based upon his need to defend against the Attorney's actions in the arbitration.

■ The Complaining Witness's arguments miss the point. The issue here is whether ODC owed a duty to the Complaining Witness to prosecute a disciplinary action based upon the Complaining Witness's allegations when, in the judgment of ODC and the reviewing board member, the evidence did not rise to the requisite standard of proof.

■ Attorney disciplinary proceedings are *sui generis,* conducted in accordance with the provisions of Rule 2, to implement this court's authority to regulate the practice of law. *Cf. Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 433, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) note 12 (recognizing the New Jersey Supreme Court's conclusion that disciplinary proceedings are neither criminal in nature, but rather are *sui generis* ). In effect, ODC, the Disciplinary Board, and the committees appointed pursuant to Rule 2, function as this court's special masters to carry out this

12. The parties to the prosecution of a disciplinary case are the ODC and the Respondent Attorney. The ODC performs the investigative and prosecutorial role.

13. Although the Complaining Witness argues he and the public will suffer irreparable harm if attorneys can file lawsuits based upon disciplin-

ary proceedings, there is no evidence in the record that the attorney initiated such a lawsuit. There is evidence the attorney asserted a counter claim, based upon statements made to ODC, in an arbitration instituted to resolve all disputes between the Complaining Witness and the Attorney. *See* Footnotes 2, 3, and 6 *infra.*

court's authority to investigate, prosecute, dispose of, or make recommendations about attorney disciplinary matters. *Cf. Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 434, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) note 13 ("The role of local ethics or bar association committees may be analogized to the function of a special master"). Duties imposed by Rule 2 upon ODC and the Disciplinary Board are duties owed to this court. In furtherance of those duties and in recognition of the limited resources available and the difficulties inherent in prosecuting any accusation of unethical behavior, our rules grant to ODC and the reviewing Disciplinary Board members the discretion to determine whether pursuit of particular disciplinary allegations is warranted. Rule 2.7(a) provides:

> (a) **Investigation.** All investigations, whether upon complaint or otherwise, shall be conducted under the supervision of Counsel. Upon the conclusion of an investigation, Counsel shall recommend dismissal, informal admonition of the attorney

concerned, the institution of non-disciplinary proceedings for minor misconduct, or the institution of formal disciplinary proceedings before a hearing committee or officer. Counsel's recommendation shall be reviewed by one of the two members of the Board assigned for that purpose. If the initial reviewing member of the Board approves Counsel's recommendation, it shall be implemented. If the reviewing member of the Board disapproves Counsel's recommendation, Counsel may request further review by the other reviewing member of the Board. In the event of such second review of Counsel's recommendation, the decision by the second reviewing member of the Board shall be final. The member or members of the Board who review Counsel's recommendation shall be disqualified in any formal disciplinary proceedings in relation to the same alleged misconduct.

*See also,* RSCH 2.4(e)(1),[14] 2.6(b)(2) and (3),[15] 2.7(b).[16]

(1) Notwithstanding the provisions of Rules 2.2 and 2.3, any act or omission by an attorney which, although violative of the Hawai'i Rules of Professional Conduct, is of a minor nature may be resolved by way of non-disciplinary proceedings or dismissal.

(2) In the absence of unusual circumstances, misconduct shall not be regarded as minor if any of the following conditions exists:

(i) The misconduct involved misappropriation of a client's funds or property.

(ii) The misconduct resulted in or is likely to result in actual prejudice (loss of money, legal rights, or valuable property rights) to a client or other person.

(iii) The respondent was publicly disciplined within the past three (3) years.

(iv) The misconduct involved is of the same nature as misconduct for which the respondent was disciplined within the past five (5) years.

(v) The misconduct included dishonesty, misrepresentation, deceit, or fraud on the part of the respondent.

(vi) The misconduct constituted the commission of a felony under applicable law.

(3) Subject to the provisions of Rule 2.7(a), Counsel shall, in Counsel's sole discretion, exclusively determine whether a matter constitutes minor misconduct. In that event, Counsel may reach agreement with the respondent to submit the matter to non-disciplinary proceedings. Such proceedings may consist of fee arbitration, arbitration, mediation, lawyer practice assistance, substance abuse recovery programs, psychological counseling, or any other non-disci-

**14.** RSCH 2.4(e)(1) provides:

> (e) The Board shall exercise the powers and perform the duties conferred and imposed upon it by these Disciplinary Rules, including the power and duty:
>
> (1) To consider and investigate any alleged ground for discipline or alleged incapacity of any attorney called to its attention, or upon its own motion, and to take such action with respect thereto as shall be appropriate to effectuate the purposes of these Disciplinary Rules.

**15.** RSCH 2.6(b)(2) and (3) provide:

> (b) Counsel shall have the power and duty:
>
> . . .
>
> (2) To investigate all matters involving alleged misconduct called to his or her attention whether by complaint or otherwise.
>
> (3) To dispose, subject to review by members of the Board assigned by the Chairperson, of all matters involving alleged misconduct by dismissal, private informal admonition or the institution of formal disciplinary proceedings before a hearing committee or officer. Except in matters requiring dismissal because the complaint is frivolous on its face or falls outside the Board's jurisdiction, no disposition shall be recommended or undertaken by Counsel until the accused attorney shall have been afforded the opportunity to state his or her position with respect to the allegations against him or her.

**16.** RSCH 2.7(b) provides:

> (b) **Minor Misconduct.**

 Attorney disciplinary proceedings are not designed to be a forum for the disgruntled or a platform for the disaffected. Disciplinary proceedings are designed to protect the public interest, the integrity of the judicial process, and the integrity of the courts, by providing a mechanism by which to determine whether an attorney admitted to practice in this state is fit to continue as an officer of the court. Violations of the Rules of Professional Conduct, by which an attorney is judged, provide grounds for imposition of discipline ranging from admonition to disbarment. RSCH 2.3(a).[17] Violation of the Rules of Professional Responsibility do not alone give rise to any civil liability. *See* Preamble, *Hawai'i Rules of Professional Conduct,* SCOPE & [6].[18] Evidence underlying a violation of a disciplinary rule might also be evidence that would support civil or criminal liability, but determinations about civil or criminal liability are the province of the trial courts, not the ODC or the Disciplinary Board. *See* Hawai'i Constitution, Article 1, §§ 13 and 14 (preserves rights to trial in civil and criminal cases). In short, while evidence of civil litigation tactics might also serve as evidence of violations of one or more disciplinary rules, in the absence of a finding of ethical misconduct or dishonest conduct, *see* RSCH 2.3(c) and 10.3, any claim for damages, including restitution and attorney's fees, arising from litigation practices or other professional services must be asserted and litigated in the civil forum, not the disciplinary forum.

 In this case, ODC was empowered to investigate and evaluate the Complaining Witness's claims. ODC was authorized to prosecute or not to prosecute the alleged violations depending upon ODC's evaluation of the evidence and the concurrence of the reviewing board member. Here, after reviewing the evidence, ODC concluded the evidence was insufficient to prosecute the allegation of disciplinary misconduct and dismissed the proceeding. Contrary to the Complaining Witness's assertions, ODC never "rul[ed] that the [Attorney] [could] wilfully sue [the Complaining Witness] without fear of sanctions." ODC merely determined, within the bounds of its discretion and in accordance with our rules, that the evidence of a disciplinary violation was insufficient to prosecute and dismissed the Complaining Witness's grievance. There is nothing in this record to indicate ODC or the Disciplinary Board abused the discretion granted by this court or that either ODC or the Disciplinary Board breached any duty owed to this court.

---

plinary proceedings authorized by the supreme court. Counsel shall then refer the matter to the agency or agencies authorized by the court to conduct the proceedings.

(4) If Counsel shall fail to reach agreement with the respondent to submit the matter of non-disciplinary proceedings, Counsel may undertake or resume disciplinary proceedings.

(5) If the respondent shall fail to comply with the terms of the agreement, Counsel may undertake or resume disciplinary proceedings.

(6) If the respondent shall fulfill the terms of the agreement, Counsel shall dismiss the disciplinary proceedings.

17. [RSCH] 2.3 **Types of Discipline.**
(a) Discipline may consist of:
(1) Disbarment by the supreme court; or
(2) Suspension by the supreme court for a period not exceeding five years; or
(3) Public censure by the supreme court; or
(4) Public reprimand by the Disciplinary Board with the consent of the respondent and Counsel; or
(5) Private reprimand by the Disciplinary Board with the consent of the respondent and Counsel; or

(6) Private informal admonition by Disciplinary Counsel or Disciplinary Board.

18. Paragraph [6] of the Preamble to the *Hawai'i Rules of Professional Conduct* provides:

[6] Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

As we recently noted in *Akinaka, supra,* in a disciplinary proceeding a complaining witness's "only function... is to supply evidence of the alleged attorney malfeasance to ODC." The complaining witness "has no right to dictate the course of an investigation or even [to] compel ODC to take any action on [the witness's] complaint."

## IV. *CONCLUSION*

Mandamus will issue only to compel an officer to perform a duty owed to the individual seeking the writ when the claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available. *Barnett, supra.* ODC's and the Disciplinary Board's duties are owed to this court, not to the individual complainant. Further, the duties imposed upon ODC and the Disciplinary Board under Rule 2 are more than "ministerial" and involve judgment and discretion that clearly have not been abused in this instance.

The Complaining Witness has failed to demonstrate a clear and indisputable right to relief and has, in fact, demonstrated that the Complaining Witness had the means to seek relief in the appropriate civil forum and did so. That the Complaining Witness is dissatisfied with the result of his civil arbitration proceeding provides no basis for this court to order mandamus relief from ODC or the Disciplinary Board.

Therefore, the Petition for Writ of Mandamus is denied.