LAW LIBRARY

NO. 30561

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

KEAHOLE DEFENSE COALITION, INC.,
a Hawaii non-profit Corporation, Petitioner,

vs.

STATE OF HAWAI'I PUBLIC UTILITIES COMMISSION; DIVISION OF
CONSUMER ADVOCATE, STATE OF HAWAI'I DEPARTMENT OF
COMMERCE AND CONSUMER AFFAIRS; and HAWAII ELECTRIC
LIGHT COMPANY, INC., a Hawaii Corporation, Respondents.

2010 JUL -9 AM 11:11 FILED

---

ORIGINAL PROCEEDING
(Docket No. 05-0315)

ORDER
(By: Moon, C.J., Nakayama, Acoba, and Duffy, JJ. and
Circuit Judge Nishimura, in place of Recktenwald, J., recused)

Upon consideration of the petition for a writ of
mandamus filed by petitioner Keahole Defense Coalition, Inc. and
the papers in support, it appears that HRS § 269-16(d) (2007)
does not require the respondent commission to issue a final
decision in Docket No. 05-0315 "as expeditiously as possible"
after issuance of the respondent commission's April 4, 2007
interim decision. "[A]s expeditiously as possible," as used in
HRS § 269-16(d), relates to the statute's requirement that the
respondent commission make every effort to issue its decision
before nine months from the date the public utility filed its
completed application. See S. Stand. Comm. Rep. No. 507, in 1976
Senate Journal, at 1101 ("[S]ubsection (d) [of HRS § 269-16]
mandates the Public Utilities Commission to use its best efforts
to complete the rate proceeding within 9 months from the date the
completed application was filed."). The time for issuing a final
decision after issuance of an interim decision allowing a rate

increase is not prescribed by HRS § 269-16 or by any other statute or administrative rule. <u>Hanabusa v. Lingle</u>, 119 Hawai'i 341, 198 P.3d 604 (2008) applies to an appointive duty of the governor and does not compel us to impose a reasonable time standard on the respondent commission's issuance of a final decision in Docket No. 05-0315. Therefore, petitioner is not entitled to mandamus relief. <u>See</u> HRS § 602-5(3) (Supp. 2009) (The supreme court has jurisdiction and power to issue writs of mandamus directed to public officers to compel them to fulfill the duties of their offices.); <u>In Re Disciplinary Bd. Of Hawaii Supreme Court</u>, 91 Hawai'i 363, 368, 984 P.2d 688, 693 (1999) (Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available.). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, July 9, 2010.