LAW LIBRARY

NO. 30625

IN THE SUPREME COURT OF THE STATE OF HAWAI'I



2010 AUG -2 PM 2:59 FILED

ANDREW D. WOERNER, Petitioner,

vs.

MARK J. BENNETT, Attorney General, State of Hawai'i;
LINDA LINGLE, Governor, State of Hawai'i;
COLLEEN HANABUSA, President of the Senate; CALVIN K. Y. SAY,
Speaker of the House; BRIAN T. TANIGUCHI, Chair of the
Senate Judiciary and Government Operations Committee;
JON RIKI KARAMATSU, Chair of the House Judiciary Committee;
JOSH GREEN, M.D., State Senator; and DENNY COFFMAN, State
Representative, Respondents.

ORIGINAL PROCEEDING

ORDER
(By: Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Upon consideration of the petition for a writ of

mandamus filed by petitioner Andrew D. Woerner, it appears that

petitioner fails to demonstrate a clear and indisputable right to

relief. Therefore, petitioner is not entitled to mandamus

relief. See HRS § 602-5(3) (2009) ("The supreme court shall have

jurisdiction and power . . . [t]o exercise original jurisdiction

in all questions . . . arising under writs of mandamus directed

to public officers to compel them to fulfill the duties of their

offices[.]);" In re. Disciplinary Bd. Of the Hawaii Supreme

Court, 91 Hawai'i 363, 368, 984 P.2d 688, 693 (1999) (Mandamus

relief is available to compel an official to perform a duty

allegedly owed to an individual only if the individual's claim is

clear and certain, the official's duty is ministerial and so

plainly prescribed as to be free from doubt, and no other remedy

is available.); Salling v. Moon, 76 Hawai'i 273, 274 n. 3, 874

P.2d 1098, 1099 n.3 (1994) ("A duty is ministerial where the law

prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion and judgment."). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, August 2, 2010.

Paula A. Nakayama

James E. Duffy, Jr.

M.B. McDonaldΣ