NO. 30668

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

CHRIS GRINDLING, Petitioner,

vs.

DISCIPLINARY COUNSEL and COMMISSION ON JUDICIAL
CONDUCT, Respondents.

LAW LIBRARY

K. NAKAMADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 AUG 25 PM 1:12

FILED

ORIGINAL PROCEEDING

ORDER

(By: Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Upon consideration of petitioner Chris Grindling's petition for a writ of mandamus, it appears that petitioner is not entitled to mandamus relief. See HRS § 602-5(3) (Supp. 2009) (The supreme court has jurisdiction and power to issue writs of mandamus directed to public officers to compel them to fulfill the duties of their offices.); Barnett v. Broderick, 84 Hawai'i 109, 111, 929 P.2d 1359, 1361 (1996) (Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available.); In Re Disciplinary Bd. Of Hawaii Supreme Court, 91 Hawai'i 363, 368, 984 P.2d 688, 693 (1999) (Disciplinary counsel's duties are owed to the supreme court, not to the individual complainant; the duties involve judgment and discretion and are not ministerial.); Rules of the Supreme Court of the State of Hawai'i, Rule 8.6(d) ("[T]he Commission [on Judicial Conduct] shall determine whether [a] complaint warrants investigation and evaluation."). Accordingly,

IT IS HEREBY ORDERED that the clerk of the appellate court shall process the petition for a writ of mandamus without payment of the filing fee.

IT IS FURTHER ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, August 25, 2010.

Paula A. Nakayama

James E. Duffy, Jr.

Mark Recktenwald