**Electronically Filed**
**Supreme Court**
**30742**
**08-NOV-2010**
**02:07 PM**

NO. 30742

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

———————————————————————————————

ANTHONY GIGNAC, Petitioner,

vs.

CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAI'I; and
DOUGLAS S. CHIN, DEPUTY PROSECUTING ATTORNEY, Respondents.

———————————————————————————————

ORIGINAL PROCEEDING
(CR. NO. 95-2553)

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, and Duffy, JJ.
and Circuit Judge Kubo, assigned by reason of vacancy)

Upon consideration of petitioner Anthony Gignac's
"Motion for Appropriate Relief," filed on September 22, 2010,
which is deemed a petition for a writ of mandamus, and the papers
in support, it appears that the lodging of a detainer is within
the discretion of the prosecuting officer and HRS Chapter 834
(Agreement on Detainers) is invoked only when a detainer is
lodged. Therefore, petitioner is not entitled to mandamus relief
as to the respondent prosecuting attorney's decision not to lodge
a detainer against petitioner and as to the circuit court's
denial of petitioner's motion to dismiss Cr. No. 95-2553 for
violation of HRS Chapter 834. See Kema v. Gaddis, 91 Hawai'i
200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an
extraordinary remedy that will not issue unless the petitioner
demonstrates a clear and indisputable right to relief and a lack
of alternative means to redress adequately the alleged wrong or
obtain the requested action; In re. Disciplinary Bd. Of the
Hawaii Supreme Court, 91 Hawai'i 363, 368, 984 P.2d 688, 693

(1999) (Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available).

It further appears that the filing of documents is a ministerial duty of the circuit court and petitioner has an indisputable right to have his documents filed by the circuit court. Therefore, petitioner is entitled to mandamus relief as to the respondent circuit court's refusal to file, in Cr. No. 95-2553, petitioner's "Motion for Continuance/Lift Warrant" dated August 12, 2010. See Barnett v. Broderick, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996). Therefore,

IT IS HEREBY ORDERED that the clerk of the appellate court shall process the petition for a writ of mandamus without payment of the filing fee.

IT IS FURTHER ORDERED that the petition for a writ of mandamus is denied as to: (1) the respondent prosecuting attorney's decision not to lodge a detainer against petitioner, and (2) the circuit court's denial of petitioner's motion to dismiss Cr. No. 95-2553.

IT IS FINALLY ORDERED that the petition for a writ of mandamus is granted as to the circuit court's refusal to file, in Cr. No. 95-2553, petitioner's "Motion for Continuance/Lift Warrant" dated August 12, 2010. The circuit court of the first circuit shall file such document upon petitioner's resubmission of the document for filing.

DATED: Honolulu, Hawaiʻi, November 8, 2010.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Edward H. Kubo, Jr.



2