NO. SCPW-11-0000077

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

CHRIS GRINDLING, Petitioner,

vs.

CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAI'I,
Respondent.

---

ORIGINAL PROCEEDING
(S.P. No. 09-1-0080; S.P. No. 09-1-0081; Civil No. 05-1-0249;
S.P.P. No. 09-1-0027; S.P.P. No. 09-1-0029; S.P.P. No. 10-1-0011)

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, and Duffy, JJ.
and Circuit Judge Pollack, assigned by reason of vacancy)

Upon consideration of the petition for a writ of mandamus filed by petitioner Chris Grindling, it appears that: (1) petitioner is a vexatious litigant and his documents cannot be filed in Civil No. 05-1-0249 and S.P. No. 09-1-0080 without permission of the circuit court; (2) petitioner's December 28, 2010 notice of appeal in S.P. No. 09-1-0081 was filed on January 4, 2011 in ICA appeal No. CAAP-11-0000004; and (3) petitioner presents no evidence that motions pending in S.P.P. No. 09-1-0027, S.P.P. No. 09-1-0029, and S.P.P. No. 10-1-0011 are properly before the circuit court and that the circuit court is refusing to act under circumstances in which it has a legal duty to act. Therefore, petitioner is not entitled to mandamus relief. See HRS § 634J-7(c); In Re Disciplinary Bd. Of Hawaii Supreme Court, 91 Hawai'i 363, 368, 984 P.2d 688, 693 (1999) (Mandamus relief is available to compel an official to perform a duty allegedly owed

to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available.); Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action.  Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.).  Accordingly,

IT IS HEREBY ORDERED that the clerk of the appellate court shall process the petition for a writ of mandamus without payment of the filing fee.

IT IS FURTHER ORDERED that the petition for a writ of mandamus is denied.

DATED:  Honolulu, Hawai'i, February 23, 2011.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Richard W. Pollack

