**Electronically Filed
Supreme Court
SCPW-12-0000825
19-OCT-2012
10:30 AM**

NO. SCPW-12-0000825

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

HAWAI'I STATE TEACHERS ASSOCIATION, Petitioner,

vs.

HAWAI'I LABOR RELATIONS BOARD; JAMES B. NICHOLSON,
Chairperson of the Hawai'i Labor Relations Board;
and ROCK B. LEY, Member of the Hawai'i Labor
Relations Board (2012-017),

and

NEIL ABERCROMBIE, Governor of the State of Hawai'i; KALBERT
YOUNG, Director of the Department of Budget and Finance of the
State of Hawai'i; NEIL DIETZ, Chief Negotiator of the Office of
Collective Bargaining of the State of Hawai'i; KATHRYN MATAYOSHI,
Superintendent of the Department of Education of the State of
Hawai'i; DONALD G. HORNER, Chairperson of the Board of Education
of the State of Hawai'i; JAMES D. WILLIAMS, Member of the Board
of Education of the State of Hawai'i,

and

UNIVERSITY OF HAWAI'I PROFESSIONAL ASSEMBLY
Respondents.

---

ORIGINAL PROCEEDING
(CASE NO. CE-05-781)

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, and Pollack, JJ., and
Circuit Judge Chang, in place of McKenna, J., recused)


On September 28, 2012, petitioner Hawai'i State

Teachers Association filed a petition for a writ of mandamus

seeking an order directing the Hawaiʻi Labor Relations Board to issue an order or decision on its prohibited practice complaint and motion for interlocutory relief in Case No. CE-05-781.

A writ of mandamus and/or prohibition will not issue unless a petitioner demonstrates a clear and indisputable right to relief and a lack of other means to redress adequately the alleged wrong or obtain the requested action. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999). Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available. In re Disciplinary Bd., 94 Hawaiʻi 363, 368, 371, 984 P.2d 688, 693, 695 (1999) (citations omitted). Upon consideration of the petition, the documents attached thereto and submitted in support thereof, and the record,

IT IS HEREBY ORDERED that with respect to the HSTA's request for a decision on the prohibited practice complaint, the petition for a writ of mandamus is denied at this time without prejudice in light of the extended duration of the evidentiary proceeding and the voluminous record.

IT IS FURTHER HEREBY ORDERED that with respect to the HSTA's request for a decision on the motion for interlocutory relief, the respondents shall file an answer to the petition within twenty days from the date of this order.

2

IT IS ALSO HEREBY ORDERED that the appellate clerk shall serve a copy of this order upon the respondents, as required by HRAP Rule 21(c).

DATED: Honolulu, Hawaiʻi, October 19, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Richard W. Pollack

/s/ Gary W.B. Chang

