**Electronically Filed
Supreme Court
SCPW-13-0000402
24-APR-2013
03:26 PM**

SCPW-13-0000402

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

MICHAEL C. TIERNEY, Petitioner,

vs.

BERT Y. MATSUOKA, CHAIR, JOYCE MATSUMORI-HOSHIJO,
MICHAEL A. TOWN, ANNELLE C. AMARAL, FITUINA F. TUA,
OF THE HAWAI‘I PAROLING AUTHORITY, Respondent.

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of petitioner Michael C. Tierney's petition for a writ of mandamus, which was filed on April 11, 2013, the document attached thereto and submitted in support thereof, and the record, it appears that petitioner fails to demonstrate that the Hawai‘i Paroling Authority owes him a duty to discharge him from his sentence and provide him gate money, clothes and airfare. See HRS § 706-670(4) (1993) (the granting of parole is within the discretion of the HPA and is not a ministerial duty subject to mandamus relief). Petitioner, therefore, is not entitled to mandamus relief. See Kema v. Gaddis, 91 Hawai‘i 200, 204, 982 P.2d 334, 338 (1999) (a writ of

mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); In re Disciplinary Bd. of Hawaiʻi Supreme Court, 91 Hawaiʻi 363, 368, 984 P.2d 688, 693 (1999) (mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, April 24, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

2