SCJD-13-0003734

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

In the Matter of the Investigation of

MIMI DESJARDINS, Respondent.

ORIGINAL PROCEEDING
(#13-01)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, and Pollack, JJ.,
and Intermediate Court of Appeals Chief Judge Nakamura,
assigned by reason of vacancy)

Upon review of the October 1, 2013 Findings, Conclusions and Recommendations submitted by the Commission on Judicial Conduct ("the Commission"), the Commission's subsequent February 20, 2014 recommendation, this court's March 24, 2014 order to show cause, and Respondent Mimi DesJardins's April 21, 2014 response to the order to show cause and her attached declaration and exhibit, this court makes the following findings of fact and reaches the following conclusions of law based on clear and convincing evidence.

On February 17, 2013, Respondent Mimi DesJardins, while serving as a district court judge of the Second Circuit,

improperly altered ten Judicial Determination of Probable Cause documents, which is conduct involving dishonesty and deceit. On March 9, 2013, the matter was properly referred to the Commission for further investigation. On March 15, 2013, the Chief Justice, in his capacity as administrative head of the courts, pursuant to the Hawai'i State Constitution, article VI, section 6, see also HRS §§ 601-2(a) and 601-2(b)(6) (1993), appropriately placed Respondent DesJardins on paid administrative leave. By letter dated April 16, 2013, Respondent DesJardins resigned as a district court judge, effective May 1, 2013. On April 23, 2013, the Office of the Attorney General filed a criminal complaint charging Respondent DesJardins with one count of tampering with a government record, in violation of HRS § 710-1017(1)(a) (1993). Respondent DesJardins amended her resignation to take effect April 23, 2013. On May 9, 2013, Respondent DesJardins pleaded no contest to one count of violating HRS § 710-1017(1)(a) and was ordered to, inter alia, pay a $2,000.00 fine and perform 300 hours of community service. Respondent DesJardins was granted a one-year deferred acceptance of her no contest plea ("the DANC plea") and, on April 24, 2014, the District Court of the Second Circuit entered an order, finding she had paid the fines and had completed her community service, and granting dismissal of the matter in accordance with the conditions of the DANC plea.

On March 24, 2014, this court, pursuant to its inherent

and constitutional authority to discipline judges and oversee the practice of law within its jurisdiction, see Hawaiʻi State Constitution, article VI, section 5, HRS §§ 602-5(a)(5) and (6) (Supp. 2010), In re Disciplinary Bd. of the Haw. Supreme Court, 91 Hawaiʻi 363, 368, 984 P.2d 688, 693 (1999), entered an order to show cause upon Respondent DesJardins, notifying her the court was contemplating a period of suspension up to and including six months, and offering her the opportunity of an evidentiary hearing, in recognition of her rights to due process, cf. State v. Freitas, 61 Haw. 262, 277, 602 P.2d 914, 925 (1979). Respondent DesJardins declined the offer of an evidentiary hearing.

Respondent DesJardins's misconduct in office violated Rules 1.2, 2.2, and 2.5 of the Hawaiʻi Revised Code of Judicial Conduct, RSCH Rules 8.5(a)(2), 8.5(a)(4), and 8.5(a)(5), and Rules 8.4(b) and (c) of the Hawaiʻi Rules of Professional Conduct (1994). The misconduct was prejudicial to the performance of Respondent DesJardins's duty as a judge to ensure the fair and impartial administration of justice, brought her judicial office into disrepute, and undermines public confidence in the judiciary. The record therefore establishes that a period of suspension is required. In aggravation, Respondent DesJardins's conduct involved ten separate falsified documents and affected the custody status of an arrestee, and Respondent DesJardins has

extensive experience in the practice of law.  In mitigation, Respondent DesJardins has a clean disciplinary record, immediately admitted her conduct was wrong, was cooperative during the Commission's investigation, has expressed remorse for her conduct, has a reputation as a concerned and committed family law practitioner, and has performed extensive *pro bono* work on behalf of families and children in the Second Circuit. Therefore,

IT IS HEREBY ORDERED that Respondent Mimi DesJardins is suspended from the practice of law in this jurisdiction for 120 days, effective 30 days from the date of entry of this order, pursuant to article VI, section 5 of the Hawaiʻi Constitution, RSCH Rules 8.5 and 8.10, HRS §§ 602-5(a)(5) and (6) (Supp. 2010), and Disciplinary Bd., 91 Hawaiʻi at 368, 984 P.2d at 693.

IT IS FURTHER ORDERED that Respondent DesJardins shall serve her period of suspension in accordance with the duties described in RSCH Rule 2.16, including submitting to this court an affidavit of compliance with her suspension, similar to the affidavit described in RSCH Rule 2.16(d), within 10 days after the effective date of her suspension.

IT IS FURTHER ORDERED that the Commission on Judicial Conduct shall perform the duties described in RSCH Rules 2.16(e) and (f), though the Commission may, at its discretion, determine the best method for transmission of the certified copies of the

4

suspension order to the judges of this state.

IT IS FURTHER ORDERED that Respondent DesJardins shall bear the cost of publication of the legal notice of suspension by the Commission, upon the submission by the Commission to this court of a verified bill of costs within 60 days from the entry date of this order.

IT IS FINALLY ORDERED that Respondent DesJardins may not resume the practice of law until reinstated by order of this court.  The reinstatement process shall be conducted in accordance with RSCH Rule 2.17.

DATED:  Honolulu, Hawaiʻi, August 21, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna



/s/ Richard W. Pollack

/s/ Craig H. Nakamura