874 P.2d 1098

**Michael R. SALLING, Petitioner,**

**v.**

**Ronald T.Y. MOON, Chief Justice of Hawai'i, Respondent.**

**No. 18043.**

Supreme Court of Hawai'i.

June 7, 1994.

Earle A. Partington of Partington & Foley, Honolulu, for petitioner.

Before KLEIN, Acting C.J., LEVINSON, NAKAYAMA, RAMIL, JJ., and WEIL, Circuit Court Judge, in place of MOON, C.J., recused.

OPINION OF THE COURT

PER CURIAM.

Michael Salling petitions for a writ of mandamus directed to Chief Justice Ronald T.Y. Moon. Salling asks this court to require the Chief Justice to administer the oath of office

so that Salling can take office as a district family judge.

We deny the petition.

## I. *RELEVANT FACTS*

On January 12, 1993, Salling was appointed by former Chief Justice Herman Lum[1] as:

District Family Judge of the District Family Court of the First Circuit for a term of six (6) years, commencing upon the date he takes the oath of office.

Soon thereafter, attorney disciplinary complaints were filed against Salling. By unpublished order entered on April 18, 1994, in *Office of Disciplinary Counsel v. Salling,* No. 17578, of which we take judicial notice, this court suspended Salling from the practice of law for six months. By separate order entered the same day in the same matter, this court ordered Salling to show cause as to why, in consideration of the suspension, the order of appointment, and the judicial qualifications provision of article VI, § 3 of the Hawai'i Constitution, Salling should not be disqualified from the position of district family judge and the position declared vacant. A final resolution of the issues raised by the order to show cause has not been made.

By letter dated May 9, 1994, Salling asked Chief Justice Moon to administer the oath of office. The Chief Justice responded with a letter dated May 11, 1994, indicating that he was unable to administer the oath.

## II. *ISSUE*

At issue in this petition is whether the Chief Justice has a duty to administer the oath of office.[2] We conclude that he does not and, therefore, that mandamus does not lie to compel him to do so.

1. Associate Justice Ronald T.Y. Moon succeeded to the office of Chief Justice on March 31, 1993.

2. Salling also asserts that he is now a judge and that the order to show cause in No. 17578 is beyond the authority of this court. These are issues of state law and are under consideration in No. 17578. Thus, we do not address them in this opinion.

## III. *PETITIONER'S ARGUMENTS*

Salling contends that: (1) by operation of law, he became a district family judge upon the entry of the January 12, 1993 order of appointment; (2) Chief Justice Moon has a duty to administer the oath of office; (3) administration of the oath is merely a ministerial act; and (4) mandamus is the appropriate remedy to compel the Chief Justice to perform "a ministerial duty imposed [upon him] by law."

## IV. *MANDAMUS STANDARD*

■ This court has discretion to entertain applications for "writs of mandamus directed to public officers to compel them to fulfill the duties of their offices[.]" Hawai'i Revised Statutes (HRS) § 602-5(4) (1985). Mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates (1) a clear and indisputable right to relief and (2) a lack of other means to adequately redress the alleged wrong or obtain the requested action. *Pelekai v. White,* 75 Haw. 357, 362, 861 P.2d 1205 (1993); *Evans v. Takao,* 74 Haw. 267, 279, 842 P.2d 255 (1992). Thus, in the present case, this court may issue the writ if Salling "has a clear and indisputable legal right to performance of a duty owed by the" Chief Justice and "lacks other means of adequately redressing the wrong or of obtaining the relief sought." *State ex rel Marsland v. Town,* 66 Haw. 516, 523, 668 P.2d 25, 30 (1983) (internal quotations and ellipses omitted).

## V. *DISCUSSION*

Salling fails to demonstrate a clear and indisputable right to the relief he seeks.

■ Assuming arguendo, as Salling contends, that administration of an oath of office is nothing more than a ministerial act,[3] there is no authority for the proposition that the

3. A duty is ministerial "where the law prescribes and defines [the] duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment[.]" *Palea v. Rice,* 34 Haw. 150 (1937).

Chief Justice must administer the oath. Article XVI, § 4 of the Hawai'i constitution provides that "[a]ll public officers, before entering upon the duties of their respective offices, shall take and subscribe to the ... oath or affirmation" set out in the article, but the constitutional provision neither denominates nor requires the Chief Justice to administer that oath. Justices *may* administer oaths, HRS § 602–7 (1985),[4] but they are not required to do so. Salling has cited no authority, and we have found none, imposing upon the Chief Justice a duty to administer the oath of office to Salling. In any event, under the circumstances faced by the Chief Justice it would have been inappropriate for him to do so. The issue whether Salling is qualified at the present time to hold the office of district family judge is an issue before this court and is yet to be decided. The Chief Justice, like all Hawai'i judges, is bound by the provisions of the Revised Code of Judicial Conduct (1992). Administering the oath of judicial office to Salling would have been wholly inconsistent with the Chief Justice's duties under Canon 3 of that code. Canon 3 B(9) prohibits a judge from making public comments that might reasonably be expected to affect the outcome of "a proceeding ... pending or impending in any court." Canon 3 D(2) requires a judge to "take ap-

propriate action" if the judge has "knowledge ... a lawyer has committed a violation" of Disciplinary Rules. A Report and Recommendation for Discipline and orders suspending Salling from the practice of law and calling into question his qualifications to hold the office of district family judge had been entered when Salling wrote his May 9, 1994 letter asking to be sworn. Administering the oath under the circumstances would have been, at the very least, an improper comment on the question regarding qualifications posed by this court's April 18, 1994 order to show cause.

## VI. *CONCLUSION*

We hold, as a matter of law, that the Chief Justice did not have a duty to administer the oath of office to Salling. Because the Chief Justice did not have a duty to administer the oath of office, mandamus against him does not lie. Accordingly, the petition for writ of mandamus is denied.

4. HRS § 602–7 (1985) provides:
    **Oaths, subpoenas.** The supreme court may compel the attendance of witnesses and the production of books, papers, documents or tangible things, and any justice may administer oaths.