929 P.2d 1359

**Gregory P. BARNETT, Petitioner,**

v.

**Michael BRODERICK, Administrative Director of the Courts, Nathaniel H.C. Kim, Chief Court Administrator of the Circuit Court of the First Circuit, Riley Yamada, Court Administrator, Legal Document Branch of the Circuit Court of the First Circuit, and Stanley Ikeda, Document Supervisor of the Circuit Court of the First Circuit, State of Hawai'i, Respondents.**

**No. 20185.**

Supreme Court of Hawai'i.

Dec. 23, 1996.

Gregory Barnett, Aiea, pro se.

Marjory S. Bronster, Attorney General, Russell A. Suzuki and Susan L. Gochros, Deputy Attorneys General, Honolulu, for respondents.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

In this original proceeding, the petitioner Gregory Barnett, an inmate at Halawa Correctional Facility who is proceeding pro se, petitions this court for a writ prohibiting the circuit court from continuing the policy regarding the filing of documents filed by inmates.

Based upon the following, we conclude that the unwritten internal policy of the circuit

court regarding prisoner documents was in violation of this court's November 22, 1995 order implementing a demonstration pilot project about the filing of documents presented for filing.[1]

## I. BACKGROUND

Barnett is representing himself in a civil action in the circuit court. In response to a September 13, 1996 inquiry regarding the status of two motions submitted on August 21 and August 22, 1996, Barnett was informed by the Documents Supervisor that the motions were forwarded to the motions judge for review, clarification, and action before filing.[2] In response to a September 24, 1996 inquiry, Barnett was told that all prisoner documents submitted to the circuit court must be screened before filing.[3] On September 23, 1996, Barnett wrote to the Administrative Director of the Courts regarding the filing delays. The letter was referred to the Chief Court Administrator of the First Circuit Court, who informed Bar-

nett that the documents were filed on September 23, 1996, one month after they were submitted. The Court Administrator also informed Barnett that the present process was being reviewed.

Thereafter, Barnett filed the instant petition asking this court to prohibit the circuit court practice regarding the handling of prisoner documents. In response to our order, the respondents submitted an answer stating the the the circuit court has no written policy or procedure regarding the filing of documents submitted by prison inmates. In his affidavit, the Court Administrator for the Legal Documents Branch stated as follows:

I have researched whether there are any written policies or procedures at the Circuit Court of the First Circuit regarding the filing of documents submitted by prison inmates and have found no such written procedures or policies. However, prior to September 1996, there was an internal understanding within the Circuit Court of the First Circuit that any questionable docu-

---

1. This court issued the following order, which is referred to as the "no bounce" rule, on November 22, 1995 (effective December 22, 1995):

    Upon consideration of the First Circuit Court's request to implement a demonstration pilot project about the filing of documents presented for filing.

    IT IS HEREBY ORDERED that, any other rule or administrative memorandum to the contrary notwithstanding, the clerks of the Circuit Court of the First Circuit shall not refuse to accept for filing, on grounds the document is not presented in the proper form, any document presented by a party to a case, provided: (1) the clerks need not file any documents that requires the signature of a judge unless the signature is affixed; and (2) except for notice of appeal or cross-appeal, the clerk shall strike any document for which a filing fee is required if the fee is not paid or a written request for waiver of fees is not requested by the close of business on the work day following the date the document was first presented for filing. The clerk shall notify, in a timely manner, any party whose document has been stricken.

2. The September 16, 1996 letter to Barnett stated in relevant part:

    Dear Mr. Barnett:
    We are in receipt of your letter dated 9/13/96 regarding two motions [Motion to Strike and Motion to Compel] submitted to us on August 21, and August 22, 1996.

    Please be informed that your two motions were forwarded to [the motions judge] on 8/23/96 for review, clarification and action before filing.
    It is the policy of this office that all pleadings from prisoners submitted to this office are to be forwarded to the Judge's office for screening prior to filing by our office.
    Therefore, we are forwarding your letter to [the judge's] office for them to respond to your request.
    Please direct all inquiries to their office if documents submitted to our office are not returned to you in a timely matter.

3. The September 25, 1996 letter to Barnett stated as follows:

    RE: PRISONER POLICIES
    Dear Mr. Barnett:
    Receipt of your letter dated 9/24/96 [is] hereby acknowledged.
    Your entire packet has been transmitted to [the motion judge's] office. Please direct any future inquiries or correspondence regarding this matter to his office.
    It is a policy of our office that *ALL PRISONER DOCUMENTS* submitted to our office must be forwarded to the Judge's office for screening and action *PRIOR* to filing.
    (emphasis in original).

ments presented for filing required prior review and approval by the motions or administrative judge before the document could be file-marked at the Legal Documents Branch. Accordingly, in cases involving prisoner litigants filing questionable documents (who are not physically able to present their documents to the judges) the Legal Documents Branch would route their documents to the motions or administrative judge for review and approval prior to filing such documents. However, this policy was reconsidered in light of the Hawai'i Supreme Court's November 22, 1995 ("No Bounce") order, and was terminated as a practice as of September, 1996.

## II. *STANDARD FOR DISPOSITION*

 A writ of mandamus and/or prohibition will not issue unless a petitioner demonstrates a clear and indisputable right to relief and a lack of other means to redress adequately the alleged wrong or obtain the requested action. *Straub Clinic & Hospital v. Kochi,* 81 Hawai'i 410, 414, 917 P.2d 1284, 1288 (1996). Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available. *Azurin v. Von Raab,* 803 F.2d 993 (9th Cir.1986), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3264, 97 L.Ed.2d 763 (1987).

## III. *DISCUSSION*

Barnett contends that he has a right of access to the courts and that the right includes timely filing of documents submitted in the cases in which he is representing himself. Rule 2(b) of the Rules of the Circuit Court of the State of Hawai'i (RCCH) provides that "the clerk shall promptly stamp the time and date of all papers filed." Although RCCH 3(e) provides that the clerks shall not accept for filing any papers that do not comply with the circuit court form requirements without court approval, the clerks in the instant case should have filed the documents when received.

To insure that all documents are filed regardless of form, on November 22, 1995, this court issued an order implementing a pilot project directing that the circuit court clerks "shall not refuse to accept for filing any documents not presented in the proper form," with certain exceptions not applicable in this case. *See supra* note 1. Despite this order, the circuit court continued an internal, unwritten policy that any questionable documents required prior review and approval by the motions or administrative judge. This policy was in direct contravention of our November, 1995 order and was unauthorized. *See Price v. Obayashi Hawaii Corp.,* 81 Hawai'i 171, 178, 914 P.2d 1364, 1371 (1996) (a circuit court memorandum written by the presiding administrative judge that modified a rule promulgated by the supreme court was entirely unauthorized). Although the respondents state that the internal policy was reconsidered and terminated as a practice, the termination did not occur until September 1996, nine months after the effective date of our order.

Inasmuch as Barnett has an indisputable right to have his documents filed in a timely manner and has no alternative to the present action, we grant his request for relief. The respondents shall direct the clerks of the Circuit Court of the First Circuit to file all documents submitted by Barnett and other litigants in the circuit court in accordance with this court's November 22, 1995 order. Furthermore, the respondents shall cease implementation of any procedure or policies, either written or unwritten, that are contrary to this court's November 22, 1995 order regarding the filing of documents.

## IV. *CONCLUSION*

Based upon the foregoing, the petition is granted.