LAW LIBRARY

NO. 30535

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

OFFICE OF HAWAIIAN AFFAIRS, Petitioner,

vs.

HAWAII STATE LEGISLATURE, Respondent.

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAIʻI

2010 AUG 18 PM 12:00

FILED

ORIGINAL PROCEEDING

ORDER
(By:  Moon, C.J., Nakayama, Acoba, and Recktenwald, JJ. and
Circuit Judge Border, in place of Duffy, J., recused)

Upon consideration of the petition for a writ of mandamus filed by petitioner Office of Hawaiian Affairs, the papers in support, and respondent's answer, it appears that petitioner fails to demonstrate a clear and indisputable right to mandamus relief.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action.); In re Disciplinary Bd. Of the Hawaii Supreme Court, 91 Hawaiʻi 363, 368, 984 P.2d 688, 693 (1999) (Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available.).  Petitioner has failed to establish that the legislative action that it seeks to compel is ministerial in nature, such that "the law prescribes and defines the duty to be

performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." Salling v. Moon, 76 Hawaii 273, 275 n.3, 874 P.2d 1098, 1100 n.3 (1994) (brackets and citation omitted). Therefore,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, August 18, 2010.

Paula A. Nakayama

Mark Rechtenwald

Patrick W. Border