**Electronically Filed**
**Supreme Court**
**SCPW-11-0000640**
**27-SEP-2011**
**08:23 AM**

NO. SCPW-11-0000640

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

HAWAII STATE TEACHERS ASSOCIATION, Petitioner,

vs.

HAWAII LABOR RELATIONS BOARD; JAMES B. NICHOLSON,
Chairperson, Hawaii Labor Relations Board; SESNITA A.D.
MOEPONO, Member, Hawaii Labor Relations Board; and
ROCK B. LEY, Member, Hawaii Labor Relations Board,
Respondents.

_____

ORIGINAL PROCEEDING
(Case No. CE-05-781)

ORDER
(By: Recktenwald, C.J., Nakayama, Acoba, and Duffy, JJ.
and Circuit Judge Trader, in place of McKenna, J., recused.)

Upon consideration of the petition for a writ of
mandamus filed by petitioner Hawaii State Teachers Association
and the papers in support, it appears that: (1) no statute or
rule prescribes a time in which respondent Hawaii Labor Relations
Board (HLRB) must resolve a motion for interlocutory relief and
absent such prescribed time, the "timely" resolution under HRS §
89-5(i)(10) (Supp. 2010) of petitioner's motion for interlocutory
relief is within the discretion and judgment of respondent HLRB

and is not a ministerial duty subject to mandamus; (2) HRS § 377-9(d) (Supp. 2010) requires "prompt" filing of a final order, not an interlocutory order; and (3) there is no evidence that respondent HLRB's ruling on petitioner's motion for interlocutory relief, when issued, will not be supported by "findings of fact and conclusions" pursuant to HRS § 89-5(e) (Supp. 2010).

It further appears that: (1) there is no evidence that respondent HLRB has not made full and complete disclosure of communications received from the parties in Case No. CE-05-781; (2) the hearing on petitioner's complaint in Case No. CE-05-781 commenced on August 30, 2011; and (3) HRS § 89-12(b)(2) (Supp. 2010) requires resolution only of Case No. CE-05-781 before petitioner may exercise its right to strike.

Therefore, petitioner is not entitled to mandamus relief. See HRS § 602-5(3) (Supp. 2010) ("The supreme court shall have jurisdiction and power . . . [t]o exercise original jurisdiction in all questions . . . arising under writs of mandamus directed to public officers to compel them to fulfill the duties of their offices[.];" In re Disciplinary Bd. of Hawaii Supreme Court, 91 Hawaiʻi 363, 368, 984 P.2d 688, 693 (1999) (Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other

2

remedy is available; <u>Salling v. Moon</u>, 76 Hawaiʻi 273, 274 n.3, 874 P.2d 1098, 1099 n.3 (1994) ("A duty is ministerial where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion and judgment."). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, September 27, 2011.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Rom A. Trader

