NO. SCPW-12-0000815

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

EDMUND M. ABORDO and CEDRIC AH SING, Petitioners,

vs.

DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAIʻI;
SHARI KIMOTO, Mainland Branch Coordinator for the
Department of Public Safety, State of Hawaiʻi,[1] Respondents.

_____

ORIGINAL PROCEEDING
(SCPW-12-0000419; SCPW-12-0000430; CR. NO. 93-0737;
CR. NO. 56581)

ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the document submitted by petitioners Edmund M. Abordo & Cedric Ah Sing entitled "Writ of Mandamus/Prohibition in Separation of Petitioner-Appellant Cedric Ah Sing from Petitioner-Appellant Edmund M. Abordo for Legal Reasons," which was filed in this court on September 25, 2012, the documents attached thereto and submitted in support thereof, and the record, petitioners fail to demonstrate a clear and

_____

[1]  The petition identified the Honorable Richard K. Perkins, Judge of the Circuit Court of the First Circuit, State of Hawaiʻi as the respondent. The petition, however, is directed against the Department of Public Safety, State of Hawaiʻi ("DPS") and Shari Kimoto, DPS's Mainland Branch Coordinator.

indisputable right to be placed in the same housing unit while they are incarcerated to work on legal matters they file jointly. Moreover, they fail to present any evidence that they are being prevented from working on their appeal in CAAP-12-0000615 or that they do not have other available alternatives. At this time, it appears that petitioners are not entitled to mandamus relief. See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); see also Barnett v. Broderick, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996) (Mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available). Accordingly,

IT IS HEREBY ORDERED that the clerk of the appellate court shall process the petition for a writ mandamus/prohibition without payment of the filing fee.

IT IS FURTHER ORDERED that the petition for a writ of mandamus/prohibition is denied without prejudice to petitioners seeking relief as appropriate in the circuit court.

DATED: Honolulu, Hawaiʻi, October 19, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



2