SCPW-12-0001118

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

MICHAEL C. TIERNEY, Petitioner,

vs.

BERT Y. MATSUOKA, MICHAEL A. TOWN, JOYCE MATSUMORI-HOSHIJO,
of the Hawaiʻi Paroling Authority, Respondents.

---

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Petitioner Michael C. Tierney submitted a petition for a writ of mandamus, which was filed on December 27, 2012. According to petitioner, a Hawaiʻi Paroling Authority ("HPA") board member purportedly attempted to extort money from him and his family during his March 28, 2012 parole board hearing but he informed the member that his family and friends are dead and he has no money. Petitioner contends that the HPA is denying him parole because he has no family, friends or money. He seeks an order directing the HPA to (1) parole him to a clean and sober house, (2) provide him welfare, medical aid and a bus pass, and (3) discharge him from his sentence.

Upon consideration of the petition and the document attached thereto and submitted in support thereof, it appears that petitioner has not demonstrated that his allegations of extortion and denial of parole based on lack of family, friends or money have merit.  In addition, petitioner has not demonstrated that the HPA owes him a duty to parole him to a clean and sober house, provide him welfare, medical aid and a bus pass, and discharge him from his sentence.  See HRS § 706-670(4) (1993) (the granting of parole is within the discretion of the HPA and is not a ministerial duty subject to mandamus relief). Petitioner, therefore, is not entitled to mandamus relief.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); In re Disciplinary Bd. of Hawaiʻi Supreme Court, 91 Hawaiʻi 363, 368, 984 P.2d 688, 693 (1999) (mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available); Salling v. Moon, 76  Hawaiʻi 273, 274 n.3, 874 P.2d 1098, 1099 n.3 (1994) ("A duty is ministerial where the law prescribes and defines the

2

duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion and judgment."). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, January 14, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

