**Electronically Filed
Supreme Court
SCPW-16-0000623
13-OCT-2016
03:53 PM**

SCPW-16-0000623

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

LAWRENCE SUAN, Petitioner,

vs.

KEITH KANESHIRO, Prosecuting Attorney for the City and County
of Honolulu, Respondent; HONOLULU POLICE COMMISSION
ex rel. RONALD I. TAKETA, Chairman, Respondent;
HONOLULU POLICE DEPARTMENT ex rel. CHIEF LOUIS KEALOHA,
Respondent; THE HONORABLE JAMES H. ASHFORD, Judge of the District
Court of the First Circuit, State of Hawaiʻi, Respondent Judge,
and THE STATE OF HAWAIʻI, Respondent.

_____

ORIGINAL PROCEEDING
(CASE NO. 1DTA-16-01849)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND/OR PROHIBITION
(By: Recktenwald, C.J., McKenna, Pollack, and Wilson, JJ., and
Circuit Judge Ayabe, in place of Nakayama, J., recused)

Upon consideration of petitioner Lawrence Suan's petition for writ of mandamus and/or prohibition, filed on September 16, 2016, the documents attached thereto and submitted in support thereof, and the record, it appears that, at this time, petitioner fails to demonstrate that he has a clear and indisputable right to the requested relief, that the respondent judge has exceeded his jurisdiction in presiding over the case, that the respondents are not performing a ministerial duty, or that he lacks alternative means to seek relief.  Petitioner,

therefore, is not entitled to the requested writ of mandamus and/or writ of prohibition.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; it is meant to restrain a judge of an inferior court from acting beyond or in excess of his or her jurisdiction); Barnett v. Broderick, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996) (a writ of mandamus is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available); Honolulu Adv., Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of prohibition is an extraordinary remedy that is meant to restrain a judge of an inferior court from acting beyond or in excess of his jurisdiction).  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus and/or prohibition is denied.

DATED: Honolulu, Hawaiʻi, October 13, 2016.

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

/s/ Bert I. Ayabe

