**Electronically Filed
Supreme Court
SCPW-18-0000155
18-MAY-2018
01:39 PM**

SCPW-18-0000155

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

ANACLETO R. BATTAD, III, Petitioner,

vs.

LEONARD HOSHIJO, in his official capacity as the DIRECTOR OF THE
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, Respondent.
_____

ORIGINAL PROCEEDING
(CASE NO. 41610047)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioner Anacleto R. Battad's petition for writ of mandamus, filed on March 14, 2018, the documents attached thereto and submitted in support thereof, and the record, it appears that petitioner is not entitled to the requested extraordinary writ at this juncture. While the parties do not disagree that petitioner is entitled to medical treatment, it appears that neither petitioner, nor employer, nor Centre for Neuro Skills have formally sought a ruling from the respondent in the workers' compensation proceeding regarding the fee issue and the steps to be taken regarding the process by which the reasonable daily rate for treatment is to be established.

Without a definitive ruling, this court is unable to adequately consider whether a writ of mandamus is warranted to provide the relief that is being sought.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Barnett v. Broderick, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996) (in matters involving a public official, mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available); Salling v. Moon, 76 Hawaiʻi 273, 274 n.3, 874 P.2d 1098, 1099 n.3 (1994) (a duty is ministerial "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion and judgment").  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, May 18, 2018.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2