Electronically Filed
 Supreme Court
 SCPW-XX-XXXXXXX
 14-SEP-2020
 12:05 PM

 SCPW-XX-XXXXXXX

 IN THE SUPREME COURT OF THE STATE OF HAWAI#I

 KÔKUA COUNCIL FOR SENIOR CITIZENS,
 an unincorporated association, Petitioner,

 vs.

 DIRECTOR OF THE DEPARTMENT OF HEALTH,
 STATE OF HAWAI#I, Respondent.

 ORIGINAL PROCEEDING

 ORDER DENYING PETITION FOR WRIT OF MANDAMUS
 (By: Recktenwald, C.J., Nakayama, J., and Circuit Judge Loo,
 assigned by reason of vacancy, with McKenna, J., concurring in
 part and dissenting in part, with whom Wilson, J., joins)

 Upon consideration of petitioner Kôkua Council for

Senior Citizens’s petition for writ of mandamus, filed on

September 8, 2020, the documents attached thereto and submitted

in support thereof, and the record, it appears that petitioner

fails to demonstrate that it is entitled to the requested

extraordinary relief from this court. See Kema v. Gaddis, 91

Hawai#i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is

an extraordinary remedy that will not issue unless the petitioner

demonstrates a clear and indisputable right to relief and a lack

of alternative means to redress adequately the alleged wrong or
obtain the requested action); Barnett v. Broderick, 84 Hawai#i

109, 111, 929 P.2d 1359, 1361 (1996) (with respect to a public

official, mandamus relief is available to compel an official to

perform a duty allegedly owed to an individual only if the

individual’s claim is clear and certain, the official’s duty is

ministerial and so plainly prescribed as to be free from doubt,

and no other remedy is available); Salling v. Moon, 76 Hawai#i

273, 274 n.3, 874 P.2d 1098, 1099 n.3 (1994) (“A duty is

ministerial where the law prescribes and defines the duty to be

performed with such precision and certainty as to leave nothing

to the exercise of discretion and judgment.”). Accordingly,

 IT IS HEREBY ORDERED that the petition for writ of

mandamus is denied.

 DATED: Honolulu, Hawai#i, September 14, 2020.

 /s/ Mark E. Recktenwald

 /s/ Paula A. Nakayama

 /s/ Rhonda I.L. Loo

 CONCURRENCE AND DISSENT

 I dissent in that I would require an answer pursuant to

Hawaii Rules of Appellate Procedure Rule 21(c) with respect to

the limited English proficient issue. I otherwise concur.

 /s/ Sabrina S. McKenna

 /s/ Michael D. Wilson

 2