**Electronically Filed
Supreme Court
SCPW-20-0000583
29-OCT-2020
11:04 AM
Dkt. 39 ODDP**

SCPW-20-0000583

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

———————————————————————————————

GREGORIO NGIRAIWET; MAYA V. IRIONDO SIMEK; and
NATHAN PLOESSER, on behalf of themselves and all other
similarly-situated individuals, Petitioners,

vs.

DAVID Y. IGE, Governor, State of Hawai'i and
ANNE E. PERREIRA-EUSTAQUIO, Director, Department of Labor and
Industrial Relations, State of Hawai'i, Respondents.

———————————————————————————————

ORIGINAL PROCEEDING

<u>ORDER DENYING PETITION FOR EXTRAORDINARY WRIT</u>
(By: Recktenwald, C.J., Nakayama, and Wilson, JJ.,
Circuit Judge Castagnetti, in place of McKenna J., recused, and
Circuit Judge Browning, in place of Circuit Judge Nakamoto, recused)

Upon consideration of petitioners' petition for extraordinary writ, filed on September 28, 2020, the documents and additional declarations submitted in support thereof, and the record, it appears that the petition is seeking extraordinary relief regarding the processing of unemployment claims and the disbursement of unemployment benefits. Extraordinary relief is a narrow remedy confined to limited situations in which there is a clear and indisputable right to relief, and when, with respect to

an agency's duty, there is no room for discretionary action. <u>See</u> <u>Kema v. Gaddis</u>, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); <u>Barnett v.</u> <u>Broderick</u>, 84 Hawai'i 109, 111, 929 P.2d 1359, 1361 (1996) (with respect to a public official, mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available); <u>Salling</u> <u>v. Moon</u>, 76 Hawai'i 273, 274 n.3, 874 P.2d 1098, 1099 n.3 (1994) ("A duty is ministerial where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion and judgment."). Petitioners contend that respondents are not processing unemployment claims and disbursing unemployment benefits promptly to meet the demand of unemployed citizens of Hawai'i in violation of HAR § 12-5-89(c) and (e). Accepting these contentions as true, and based on the standard by which petitions for extraordinary writs are reviewed, it cannot be said that respondents have ignored or refused to undertake an obligation that is so clear beyond dispute as to warrant this court's

intervention in the agency's process.  In addition, it cannot be said that petitioners lack alternative means to seek relief.  Accordingly,

IT IS HEREBY ORDERED that the petition for extraordinary writ is denied.

DATED: Honolulu, Hawai'i, October 29, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Michael D. Wilson

/s/ Jeannette H. Castagnetti

/s/ R. Mark Browning