**Electronically Filed
Supreme Court
SCPW-20-0000543
12-NOV-2020
01:56 PM
Dkt. 11 ODDP**

SCPW-20-0000543

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STEVEN H. LEVINSON, Petitioner,

vs.

JAMES YUEN, Executive Director
of the Honolulu Police Commission, Respondent.

---

ORIGINAL PROCEEDING

<u>ORDER DENYING PETITION FOR WRIT OF MANDAMUS</u>
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Circuit Judge Cahill, assigned by reason of vacancy)

Upon consideration of petitioner Steven H. Levinson's petition for writ of mandamus, filed on September 2, 2020, the respondent Honolulu Police Commission's answer, filed on September 30, 2020, the respective supporting documents, and the record, it appears that extraordinary relief is a narrow remedy confined to limited situations in which there is a clear and indisputable right to relief, and when, with respect to an agency's duty, there is no room for discretionary action. Based on the specific facts and circumstances presented in this proceeding, and applying the standard by which petitions for extraordinary writs are reviewed, this court's intervention in the respondent's handling of the request for unredacted minutes of the executive session of a Commission meeting is not warranted. It cannot be said that the respondent has a precise

and certain duty to provide unredacted minutes of its executive session meeting to a former commissioner, leaving no room for discretionary action, or that petitioner lacks alternative means to seek relief.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Barnett v. Broderick, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996) (with respect to a public official, mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available); Salling v. Moon, 76 Hawaiʻi 273, 274 n.3, 874 P.2d 1098, 1099 n.3 (1994) ("A duty is ministerial where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion and judgment.").  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, November 12, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Peter T. Cahill



2