**Electronically Filed
Supreme Court
SCPW-22-0000089
04-MAR-2022
09:57 AM
Dkt. 7 ODDP**

SCPW-22-0000089

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

———————————————————————————

WAIPIO VALLEY ARTWORKS L.L.C., a Hawaiʻi limited liability
company; WAIPIO OHANA CORPORATION, a Hawaiʻi corporation dba
WAIPIO VALLEY SHUTTLE; NAʻALAPA STABLES, LLC, a Hawaiʻi limited
liability company; and MICHAEL OLIVAL, Petitioners,

vs.

MITCHELL D. ROTH, in his capacity as Mayor of the
COUNTY OF HAWAII, Respondent.

———————————————————————————

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of petitioners' petition for writ of
mandamus, filed on February 28, 2022, and the record, the issues
and request for relief presented in the petition do not warrant
this court's intervention by way of an extraordinary writ, and
petitioners have alternative means to seek relief, including
seeking relief in the circuit court as provided by law.  See Kema
v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ
of mandamus is an extraordinary remedy that will not issue unless
the petitioner demonstrates a clear and indisputable right to

relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); <u>Barnett v. Broderick</u>, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996) (with respect to a public official, mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available). Accordingly,

It is ordered that the petition for writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, March 4, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins