**Electronically Filed
Supreme Court
SCPW-22-0000318
26-MAY-2022
08:56 AM
Dkt. 8 ODDP**

SCPW-22-0000318

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

WILLIAM MIDDLETON, Petitioner

vs.

CATHY BETTS, in her capacity as Director of the Department of Human Services, State of Hawaiʻi, Respondent.

---

ORIGINAL PROCEEDING
(CASE NO. SNAP H-428361)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of petitioner William Middleton's petition for writ of mandamus, filed on May 4, 2022, the documents attached and submitted in support, and the record, petitioner fails to demonstrate a clear and indisputable right to the requested relief and a lack of alternative means to seek relief. For example, petitioner may seek relief in the circuit court by way of an appeal. See HRS § 91-14. Petitioner has also not shown that respondent failed to perform a clear and certain ministerial duty owed to him that leaves no room for discretionary action. An extraordinary writ is thus not

warranted.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (explaining that a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Barnett v. Broderick, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996) (stating, with respect to a public official, mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available).  Accordingly,

It is ordered that the petition for writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, May 26, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins



2