**Electronically Filed
Supreme Court
SCPW-22-0000414
27-JUL-2022
08:44 AM
Dkt. 5 ODDP**

SCPW-22-0000414

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

CHRISTOPHER SLAVICK, Petitioner,

vs.

EDMUND HYUN; CLAYTON HEE; GENE DEMELLO; and DEPARTMENT OF PUBLIC
SAFETY - STATE OF HAWAIʻI, Respondents.

ORIGINAL PROCEEDING
(CASE NOS. 1CPN-22-0000007; 1PC041001534)

ORDER DENYING PETITION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of Christopher Slavick's (Slavick) "Petition for a Writ of Prohibition," filed on June 28, 2022, which we construe as a petition for writ of mandamus,[1] and the record, Slavick has alternative means to seek relief because it appears he could raise his concerns during his parole hearing, see Hawaiʻi Administrative Rules § 23-700-32(b)(4) ("(b) The [HPA] shall inform the inmate in writing of the inmate's right to: . . . (4) Be heard and to present any relevant information"), or, following the HPA's decision on his parole,

---

[1] It does not appear that this court has jurisdiction to issue a writ of prohibition directed to a public official. See Hawaiʻi Revised Statutes § 602-5(a)(3); Hawaiʻi Rules of Appellate Procedure Rule 21(b). Slavick's petition is directed to Respondents Edmund Hyun, Clayton Hee, and Gene DeMello in their official capacities on the Hawaiʻi Paroling Authority (HPA).

file a Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 petition in the circuit court, see HRPP Rule 40(a)(2); Turner v. Hawaiʻi Paroling Authority, 93 Hawaiʻi 298, 307-08, 1 P.3d 768, 777-78 (App. 2000).  An extraordinary writ is thus not warranted.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus or prohibition is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action); Barnett v. Broderick, 84 Hawaiʻi 109, 111, 929 P.2d 1359, 1361 (1996) (mandamus relief is available to compel an official to perform a duty allegedly owed to an individual only if the individual's claim is clear and certain, the official's duty is ministerial and so plainly prescribed as to be free from doubt, and no other remedy is available).  Accordingly,

It is ordered that the petition is denied.

It is further ordered that the appellate court clerk shall process the petition without payment of the filing fee.

DATED: Honolulu, Hawaiʻi, July 27, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

